# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WILLIAMS, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-4826 |
| : | |
| GEORGE W. HILL CORRECTIONAL : | |
| FACILITY, : | |
|    Defendant. : | |

## MEMORANDUM

**McHUGH, J.**                                                                             OCTOBER 22, 2019

      Plaintiff David Williams, who was formerly incarcerated at George W. Hill Correctional Facility ("GWH"), filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated in connection with his incarceration. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim.

## I.    FACTS

      Williams's Complaint is quite brief. He alleges that from August 7, 2019 to August 12, 2019, while he was incarcerated at GWH, he had to sleep on the floor with 15 other people and also had to sleep in the prison gym. (ECF No. 2 at 3.)[1] He alleges that this made his back hurt and that it still hurts. (*Id.* at 4.) The only Defendant Williams names is GWH.

## II.    STANDARD OF REVIEW

      The Court grants Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Williams is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The § 1983 claim against GWH must be dismissed since a jail is not a "person" under Section 1983. *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

Even if Williams had named a proper "person" as a defendant, his claim would still fail. Pretrial detainees like Williams are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective

2

component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20).

Having inmates sleep on a floor or in a gym for a period of four days, would hardly represent sound institutional practice, but would not constitute a sufficiently serious deprivation to state a plausible claim for relief that Williams was subjected to punishment. *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made inmates sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *Walker v. George W. Hill Corr. Facility*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a claim with respect to allegations of overcrowding).

Accordingly, Williams's Complaint will be dismissed. The dismissal will be with prejudice since any attempt at amendment would be futile.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. McHUGH, J.**